Rodger L. ALSPACH and Joann Alspach, Plaintiffs,

v.

DISTRICT DIRECTOR OF INTERNAL REVENUE, Defendant.

Civ.A.No. J-81-1018.

United States District Court, D. Maryland.

Nov. 27, 1981.

Abel J. Merrill, Blumenthal, May, Downs & Merrill, P. A., Annapolis, Md., for plaintiffs.

J. Frederick Motz, U.S. Atty., Daniel Goldstein, Asst. U.S. Atty., Baltimore, Md., and Gregory S. Hrebiniak, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

SHIRLEY B. JONES, District Judge.

Rodger and JoAnn Alspach filed this action to enjoin the IRS' collection of a $9,953.24 assessment for 1976 on the basis that the IRS had failed to comply with the statutory notice requirement. The IRS had mailed a notice of deficiency to the Alspachs' former address although it had been notified of their current address and had even mailed other correspondence to the new address. Collection of the tax was abated and, by stipulation, the action was dismissed, with plaintiffs reserving the right to seek costs and attorneys' fees.

Plaintiffs filed a petition for attorneys' fees and costs, seeking $2,850 in attorneys' fees and $66.00 for filing and service fees. Memoranda were filed by the parties, and this Court heard oral argument on November 13, 1981.

This case presents novel questions concerning the interpretation and application of amendments to 28 U.S.C. § 2412, which went into effect October 1, 1981. Until recently, attorneys' fees could be awarded against the United States only if specifically authorized by statute. 28 U.S.C. § 2412 allowed the recovery of costs from the United States but specifically excluded attorneys' fees and expenses as recoverable costs. In 1980 Congress enacted amendments to the Equal Access to Justice Act in Pub.L. 96–481, which went into effect on October 1, 1981. It applies to actions pending on or commenced after October 1, 1981.[1] Pub.L.No. 96–481, § 208, 94 Stat. 2325, 2330 (1980).

The new law changes the former rule with regard to recovery of attorneys' fees from the Government. The pertinent provisions are found in subsection (b) and (d)(1)(A) of amended 28 U.S.C. § 2412.

---

1. The Government raised, in its supplemental memorandum, the question whether attorneys' fees for services rendered before October 1, 1981 in pending cases may be awarded. Because of the disposition in this case, it is unnecessary to decide that troublesome question.

Subsection (b), which puts the United States in the same general position as a private party with regard to attorneys' fees, provides:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any and official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Subsection (d)(1)(A) provides:

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Subsection (b) authorizes the awarding of attorneys fees generally, with the United States liable to the same extent as a private party under common law or statutory exception [2] to the general rule that counsel fees are not awarded. There is no specific substantive statute authorizing or prohibiting the award of attorneys' fees in this instance, understandably since the losing party is always either the taxpayer or the United States. The only common law exception arguably applicable is the "bad faith" exception. Subsection (d)(1)(A) provides, however, that attorneys' fees must be awarded to a prevailing party against the United States in certain circumstances. A preliminary question is presented concerning the intended interaction of the two subsections—are they independent or cumulative? That is, in this instance the question is whether this Court must first decide whether a party other than the United States could be liable under the common law "bad faith" exception and then proceed under (d)(1)(A) to consider whether the United States' position was substantially justified, or whether there are special circumstances, or whether the only analysis to be made in this non-tort civil action is that required by (d)(1)(A).

This Court has found no case interpreting the new provisions, which have been in effect only eight weeks. The legislative history, although not entirely clear on this point, indicates that Congress' intention was to extend application of existing common law and statutory exceptions to the American rule on attorneys' fees to the Government and, *in addition*, to *require* the award of fees in the circumstances provided for in amended § 2412(d)(1)(A).[3] H.Rep. 96–1418, 96th Cong. 2d Sess. 9, 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4987–88, 4997; H.Conf.Rep. 96–1434, 96th Cong., 2d sess., 21, 25, *reprinted in* [1980] U.S.Code Cong. & Ad.News 5003, 5010, 5014. For example, the conference committee report, adopting the findings and purpose of the Senate version of the bill, stated:

The Senate bill makes findings that certain named entities may be deterred from seeking review of or defending against

---

**2.** The two main common law exceptions are the common fund or benefit and the bad faith exceptions. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257–59, 95 S.Ct. 1612, 1621–22, 44 L.Ed.2d 141 (1975). A number of federal statutes authorize the award of attorneys' fees to prevailing parties. *See id.* at 260–65, 95 S.Ct. at 1623–26.

**3.** Congress did not intend to change existing standards under the few statutes that had previously permitted a fee award against the U.S. H.Rep. 96–1418, 96th Cong. 2d sess., 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4997.

unreasonable governmental action because of the expense involved and that because of the greater resources and expertise of the United States *the standard for an award of fees against the United States should be different from the standard governing an award against a private litigant in certain situations.* The purpose of the Act is to diminish this deterrent effect by providing in specified situations for an award of attorney fees and other costs *and* to insure the applicability in actions involving the United States of the common law and statutory exceptions to the "American rule" respecting the award of attorney fees.

*Id.* at 21, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 5010. (Emphasis added).

A federal court *may,* under subsection (b), award attorneys' fees against the Government under existing exceptions as it would against a private party; however, it *must* award fees to qualifying parties under the circumstances of (d)(1)(A). The latter provision is restricted to parties of certain financial means, § 2412(d)(2)(B), and to certain kinds of cases, *id.* (d)(1)(A), and the rate of compensation is restricted, *id.* (d)(2)(A).[4]

The Government concedes that this is the kind of civil action in which fees may be awarded under (d)(1)(A). The provision excludes tort actions, and "tort" is apparently used in a narrow sense, to refer to common law torts, as evidenced by the statement that Constitutional torts are not excluded. H.Rep. 96–1418 at 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4997. Individuals whose net worth exceeds $1,000,000 are excluded, by virtue of the definition of "party" in (d)(2)(B). The Government stipulated that plaintiffs' net worth is less than $1,000,000.

Plaintiffs are prevailing parties within the meaning of the statute, which applies to parties who prevail by consent or settlement. H.Conf.Rep. 96–1434 at 21, *reprinted in* [1980] U.S.Code Cong. & Ad. News at 5010. They are entitled to fees unless the Government's position was substantially justified or special circumstances make an award unjust.

The statute contains the term "position of the United States." Neither the statutory language nor the legislative history provides a conclusive answer as to whether the "position" for which substantial justification must be shown is the United States' litigation position [5] or its position or actions generally. Although the question is a close one, I have concluded that the statute refers to the Government's actions or position in prosecuting or defending litigation, not to its actions upon which suit is based. The statutory language is similar to that of F.R.Civ.P. 37(a)(4), which provides that a party prevailing on a motion for sanctions for failure to comply with discovery requests *may obtain* attorneys' fees "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." The language of the rule is clearer than that of the statute; it refers to a party's justification for opposing a motion for sanctions.

There are references in legislative reports to the reasonableness of Government "action," which may be read as referring to its primary actions. H.Rep. 96–1418 at 5, 9, 10, 18; H.Conf.Rep. 96–1434 at 21, 22, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4984, 4988, 4989, 4997 and 5010, 5011. These references must be read in light of Congress' concern with Government action in administrative or judicial enforcement proceedings, where the action *is* the litigation posture. *See* H.Rep. 96–1418 at 11,

---

**4.** Recovery under subsection (b) is, in contrast, not restricted. *See* H.Rep. 96–1418 at 17, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4996 (no financial restriction).

**5.** This case involves the interpretation of amended 28 U.S.C. § 2412. Pub.L. 96–481 also provided for a similar recovery of attorneys'

fees from the United States in certain administrative agency actions. *See* 5 U.S.C. § 504, as amended. Fees awarded in court actions for judicial review of covered agency adjudications are to include fees for the administrative proceeding. 28 U.S.C. § 2412(d)(3), as amended.

H.Conf.Rep. 96–1434 at 22, *reprinted in* [1980] U.S.Code Cong. & Ad.News at 4989–90, 5011.

■ Under the new statute the party seeking attorneys' fees must submit an application showing that he is a prevailing party and is eligible to receive an award and stating the amount sought, including an itemized statement from the attorney of the actual time spent and hourly rate. The party must also "allege" that the U.S. position was not substantially justified. § 2412(d)(1)(B).

The Government then has the burden of demonstrating substantial justification for its position, H.Conf.Rep. 96–1434 at 22, *reprinted in* [1980] U.S.Code Cong. & Ad. News at 5011. The test is described as one of reasonableness of the Government's actions. *Id.*

■ Although this Court has concluded that the "position" to which the statute refers is the Government's litigation position, there remains a question whether the Government was substantially justified in its initial position in this litigation. The case was filed April 23, 1981 and an answer was filed July 6, 1981. In it the defendant denied most of the allegations of the complaint or stated that he was without sufficient knowledge to admit or deny. The answer was apparently filed before counsel had received and reviewed the IRS file on the matter. Approximately one month after the file had been located, the Government's attorney advised plaintiffs' attorney that the Government would concede the case. A stipulation of dismissal, signed by counsel for the parties, was filed reasonably promptly thereafter.

I find that the Government has met its burden of showing substantial justification for initially contesting this action. It acted fairly expeditiously when the facts became known to counsel. Plaintiffs' petition for attorneys' fees is denied.

■ Written and oral argument in this case was directed exclusively to plaintiffs' request for attorneys' fees, but the petition also seeks reimbursement of a filing fee of $60.00 and service costs of $6.00. Recovery of certain costs from the United States continues to be authorized, in amended 28 U.S.C. § 2412(a). The award is discretionary, although a prevailing party is presumed to be entitled to recover costs. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 2668 (1973). Only costs specified in 28 U.S.C. § 1920 may be recovered; filing and service fees are recoverable. 28 U.S.C. § 1920(1). The Government has advanced no reasons why costs should not be taxed against it. The fact that this Court did not award attorneys' fees does not preclude an award of costs; the standards for the two are quite different. Plaintiffs' request for reimbursement of costs is granted.