**PHOTO DATA, INC., Plaintiff,**

v.

**Danford SAWYER, et al., Defendants.**

**No. 81–2435.**

United States District Court,
District of Columbia.

Feb. 22, 1982.

Gilbert J. Ginsburg, Jean Galloway, Donald S. Picard, Washington, D. C., for plaintiff.

Sp. Asst. U. S. Atty., Dayton Lehman, Jr., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

This case comes before the Court on plaintiff's Application for Attorneys' Fees pursuant to Section 204(a) of the Equal Access to Justice Act (Act), 28 U.S.C. § 2412. Plaintiff seeks reimbursement from the United States for attorneys' fees and other litigation costs incurred during the period of September 30, 1981 through November 16, 1981, in connection with its Complaint for declaratory and injunctive relief and this application.

I

On or about June 23, 1981, plaintiff received an invitation from the Government Printing Office (GPO) to bid for, *inter alia*, the printing and distribution of the Federal Personnel Manual. The solicitation provided that the contract would be awarded to the lowest responsible bidder, with responsibility determined by a pre-award survey of the applicant's ability to perform the contract.

Although plaintiff submitted the lowest bid it was not awarded the contract due to a nonresponsibility finding made by the Contracting Officer, William L. Jackson, on September 30, 1981. His reasoning was as follows:

> This determination was made because of the submission of improperly coded FIDE tapes on the previous 255–S contract and as a result of an unfavorable Pre-Award Survey conducted at your plant on September 22, 1981.[1]

The contract was awarded to the next low bidder.

Plaintiff filed a written protest of the nonresponsibility determination on October 1, 1981, requesting that performance of the contract be stayed pending a Small Business Administration review of the GPO's finding. Thereafter, on October 2, 1981, plaintiff filed, in this Court, a Complaint for declaratory and injunctive relief, an application for a temporary restraining order, and a motion for preliminary injunction.

Immediately prior to a hearing on plaintiff's application for a temporary restraining order on October 5, 1981, the parties entered into a stipulation whereby plaintiff would withdraw its motions without prejudice, and defendants would rescind their previous finding, re-evaluate plaintiff's ability to perform the contract, and issue no work order under the award until they completed a new pre-award survey.

On November 6, 1981, the GPO informed plaintiff that it had been determined responsible. Accordingly, the contract with the second low bidder was cancelled and was then awarded to plaintiff.

---

1. Plaintiff's Application for Attorneys' Fees, Exhibit A.

This Application for Attorneys' Fees followed on November 16, 1981. Specifically, plaintiff seeks $10,576.00 as compensation for 126.9 hours expended by its attorneys on this case. Plaintiff has also requested reimbursement for litigation costs totalling $255.22.[2]

## II

■ Under the "American Rule" prevailing litigants are not ordinarily entitled to collect attorneys' fees from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). It is also well established that attorneys' fees may not be levied against the United States unless expressly provided for by Congress. *Id.* at 265–68, 95 S.Ct. at 1626–27; *National Ass'n for Advancement of Colored People v. Civiletti*, 197 U.S.App.D.C. 259, 261, 609 F.2d 514, 516 (1979), *cert. denied* 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980).

In 1980 Congress enacted the Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2325 (1980). Section 204(a) of the Act amended 28 U.S.C. § 2412 to authorize attorneys' fees against the United States under certain circumstances. First, a court may assess fees and expenses against the government to the same extent that a private party would be liable for the same pursuant to common law or statute. 28 U.S.C. § 2412(b). Second, subsection (d)(1)(A) of the Act provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "[F]ees and other expenses" includes reasonable attorneys' fees. 28 U.S.C. § 2412(d)(2)(A).

Since the Court is unaware of any common law or statutory exception to the "American Rule" that applies to this case, plaintiff is entitled to attorneys' fees only if it satisfies the requirements promulgated in subsection (d)(1)(A) of the Act.

As a threshold matter plaintiff must qualify as a small business under the Act. 28 U.S.C. § 2412(d)(2)(B). In its application plaintiff asserts that it fulfills these requirements by employing no more than 500 individuals and having a net worth less than $5,000,000.[3] Defendants do not dispute this contention.

■ The Act became effective on October 1, 1981, and applies to any civil action "which is pending on, or commenced on or after, such date." Pub.L. No. 96–481, § 208, 94 Stat. 2330 (1980) (see 28 U.S.C. § 2412 note). Although the action in this Court was filed after the effective date of the statute, on October 2, 1981, approximately 11.4 of the hours expended were for work performed on September 30, 1981. Defendants maintain that these hours are not covered by the Act.

■ The Court begins with the well settled principle that the starting point for interpreting a statute is the language of the statute itself. Absent an indication to the contrary in the legislative history the wording of the statute should be given its plain, clear and common meaning. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Aaron v. Securities and Exchange Comm'n*, 446 U.S. 680, 700, 100 S.Ct. 1945, 1957, 64 L.Ed.2d 611 (1980); *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979); *American Trucking Ass'ns, Inc. v. United States*, 195 U.S.App.D.C. 266, 271–72, 602 F.2d 444, 449–50, *cert. denied* 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979); *Higgins v. Marshall*, 190 U.S.App.D.C. 54, 56, 584 F.2d 1035, 1038 (1978), *cert. denied* 441 U.S. 931, 99 S.Ct. 2051, 60 L.Ed.2d 659 (1979).

---

**2.** Plaintiff's Application for Attorneys' Fees, Exhibit G.

**3.** Affidavit of F. Scott Watkins, Plaintiff's Application for Attorneys' Fees, Exhibit G.

The Act explicitly applies to cases pending on October 1, 1981, and nothing in the legislative history suggests that it should be interpreted to apply only to that part of a case pending on October 1, 1981 that occurs on or after that date. Moreover, construing the Act to bifurcate cases on October 1, 1981 would eschew the purpose of the Act to provide financial assistance to those litigants who would not ordinarily be able to contest unreasonable government action,[4] as it would diminish their recovery and thereby remove the incentive to sue. Without express direction from Congress this Court will not infer such an incongruous intent.[5]

■ Only "prevailing parties" may recover attorneys' fees from the United States. The legislative history clearly states that the term "prevailing party," for purposes of the Act, is not limited to those litigants who win a final judgment following trial on the merits. It includes parties who obtain a favorable settlement of their case. H.R. Rep.No.96–1418, 96th Cong., 2nd Sess. 11, *reprinted in* [1980] U.S.Code Cong. and Ad. News 4953, 4990. *See Foster v. Boorstin*, 182 U.S.App.D.C. 342, 561 F.2d 340 (1977). Plaintiff's sole goal throughout the various stages of this dispute was to secure the contract to print and distribute the Federal Personnel Manual. While the stipulation entered into in this Court did nothing more than guarantee plaintiff further consideration, plaintiff eventually was awarded the contract. Had a different result ensued it is obvious that plaintiff would have renewed its action in this Court. The Court therefore concludes that plaintiff prevailed in this case.

■ Under the terms of the Act plaintiff may not recover attorneys' fees if "the position of the United States was substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to testing Government action require that the burden of proof rest with the Government. This allocation of the burden, in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.

H.R.Rep.No.96–1418, 96th Cong., 2nd Sess. 10–11, *reprinted in* [1980] U.S.Code Cong. and Ad.News 4989. Another reason for placing the burden of proof on the government stems from the underlying, and deep-

---

4. Section 202 of the Act, Pub.L. No. 96–481, 94 Stat. 2325 (1980) (see 5 U.S.C. § 504 note).

5. While no case, to this Court's knowledge, has directly confronted this issue, the few cases that have discussed attorneys' fees in actions pending on October 1, 1981, suggest that fees incurred antecedent to the effective date of the statute may be recovered. *See Heydt v. Citizens State Bank*, 668 F.2d 444 (8th Cir. 1982); *Kinzley v. United States*, 661 F.2d 187, 193 (Ct.Cl.1981); *Matthews v. United States*, 526 F.Supp. 993, 1008 (M.D.Ga.1981); *Muth v. Marsh*, 525 F.Supp. 604, 609 (D.D.C.1981) ("This action was obviously pending on October 1 and plaintiff may therefore apply for fees and costs * * * should he be the 'prevailing party' in this Court."); *cf. Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 226 n.1 (D.Md.1981) ("Because of the disposi-

tion of this case, it is unnecessary to decide that troublesome question.").

Moreover, this interpretation of the Act is consistent with the construction given similar attorneys' fee statutes. *See, e.g., Bradley v. School Brd. of the City of Richmond*, 416 U.S. 696, 710–711, 721, 94 S.Ct. 2006, 2015–2016, 2021, 40 L.Ed.2d 476 (1974) (20 U.S.C. § 1617); *Corpus v. Estelle*, 605 F.2d 175, 180 (5th Cir. 1979), *cert. denied* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980) (42 U.S.C. § 1988). Under *Bradley* the fee award statute applies to services rendered prior to its effective date in an action pending on that date unless manifest injustice would result, or there is statutory directive or legislative history suggesting the contrary. 416 U.S. at 711, 721, 94 S.Ct. at 2016, 2021.

ly imbedded, conflict between the historical reluctance of courts to shift fees and the remedial purpose [6] of the Act. H.R.Rep.No. 96–1418, 96th Cong., 2nd Sess. 9–10, *reprinted in* [1980] U.S.Code Cong. and Ad. News 4987–89.

■ The term "position of the United States" is not defined in the Act or legislative history. Defendants claim that the gravamen of plaintiff's action in this Court was that the GPO's nonresponsibility determination was subject to Small Business Administration review. Since defendants believe that the Small Business Administration does not have jurisdiction to review the GPO's finding, and show a genuine dispute regarding this issue, they contend that their "position" was substantially justified.

Even if the Court accepts these arguments, defendants have failed to meet the burden of proof under the Act, as they have presented no justification for their initial position in this case. Section 202 of the Act, Pub.L. No. 96–481, 94 Stat. 2325 (1980) (see 5 U.S.C. § 504 note), states that the purpose of the Act is to supplant the economic deterrence to defending against unreasonable government action. In order to ensure evenhandedness the Court must scrutinize not only the government's theory in defending the legal issues raised but also the occurrences that impelled plaintiff to bring this action.[7] In this case the GPO rejected plaintiff's low bid on a $700,000 contract with no more than a terse three-sentence letter. This is precisely the type of government action that small businesses do not ordinarily have the resources to contest, and the Act is therefore intended to prevent. Since there are no special circumstances here to make an award unjust, the Court concludes that plaintiff is entitled to recover reasonable attorneys' fees.

### III

The remaining issue before the Court is whether the attorneys' fees and litigation costs requested are reasonable.

Initially, defendants argue that some of the hours billed were not related to the civil action; rather, they concerned matters at the administrative level which are not covered by the Act. It appears to the Court, however, that the hours billed prior to October 2, 1981, the date the action commenced in this Court, were for preparation of the lengthy document filed that day. They are therefore recoverable.

Any fee-setting inquiry begins with the "'lodestar': the number of hours reasonably expended multiplied by a reasonable hourly rate". *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980). Here, an additional constraint is provided by the Act, which sets a $75 per hour limit [8] on attorneys' fees unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys, justifies a higher rate. 28 U.S.C.

---

**6.** The general purpose of the Act is to insure the vindication of rights of parties who might otherwise be precluded from the adjudicatory process due to the prohibitive costs of seeking justice. Small businesses, in particular, are often vulnerable to coercive agency action. H.R.Rep.No.96–1418, 96th Cong., 2nd Sess. 9–10, 12, 18, *reprinted in* [1980] U.S.Code Cong. and Ad.News 4987–89, 4991, 4997. *See also* note 4, *supra*, and accompanying text.

**7.** The Court draws instruction from parallel language in Fed.R.Civ.P. 37(a)(4). Under that Rule a court may require the losing party to a motion to compel discovery to pay attorneys' fees if that party was not "substantially justified" in opposing or making the motion. The Advisory Committee stated that this remedy was created to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." Advisory Committee's Note to 1970 Amendment of Fed. R.Civ.P. 37(a)(4), 48 F.R.D. 487, 540. Likewise, the Act is intended to proscribe frivolous government action that forces a party to resort to the courts to redress its rights. It would contradict the remedial purpose of the Act to interpret it to isolate and focus upon the reasonableness of only a single element of the government's actions, when the entire factual background may suggest a contrary conclusion. *Contra, Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 228 (D.Md. 1981) ("position of the United States" refers to its position in prosecuting or defending litigation rather than its action upon which suit is based).

**8.** The $10,576.00 requested reflects hourly rates ranging between $75 and $130.

§ 2412(d)(2)(A). Plaintiff presents no argument on this point and the Court finds no compelling reason to raise the statutory ceiling.

■ While there is no doubt that the representation here was expert and effective it appears to the Court that the time expended was inordinately high. For example, preparation of this application, a relatively simple document, consumed 13.6 billable hours. Nonproductive time is not compensable and must be excluded from the lodestar. *Copeland v. Marshall*, 205 U.S.App.D.C. at 401, 641 F.2d at 891. Taking into consideration the nature of the proceedings and the papers filed, the Court concludes that plaintiff's attorneys should have spent closer to 75 hours preparing this case.[9] The Court will therefore accept the $75 hourly rate for all attorneys and strike 40% of the time expended as nonproductive. Plaintiff is entitled to recover $5710.50 from the government for attorneys' fees.

■ Plaintiff requests $255.22[10] as reimbursement for the costs of litigation. Under 28 U.S.C. § 2412(d)(2)(A), plaintiff may recover "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case * *." Plaintiff may also recover fees of the clerk and marshal, copy and printing costs, and docket fees. 28 U.S.C. §§ 1920, 2412(a). Overtime meals, car, local transportation and miscellaneous costs are not recoverable under the Act. *See Norman v. United States*, 74 F.R.D. 637, 639 (D.Del.1977). Accordingly, the Court finds that plaintiff is entitled to recover $190.56 as reimbursement for litigation costs.

9. A more detailed calculation of the lodestar would require further affidavits from plaintiff's counsel. The Court would also have to consider defendants' request for discovery on the issue of reasonable fees. The Court believes that any hours added or stricken would not be significant enough to justify the additional preparation and discovery costs, which would consequently increase the amount chargeable to United States taxpayers.

| 10. Category | Cost |
| --- | --- |
| Duplicating | $148.00 |
| Postage | 2.96 |
| Messenger Service | 25.60 |
| Filing and Miscellaneous | 28.00 |
| Overtime Meals and Car | 20.16 |
| Local Transportation | 30.50 |
| | $255.22 |