Mary F. KENNEDY

v.

UNITED STATES of America, et al.

Civ. No. 80–258–D.

United States District Court,
D. New Hampshire.

March 25, 1982.

Paul McEachern, Portsmouth, N. H., for plaintiff.

W. Stephen Thayer, III, U. S. Atty., Concord, N. H., John P. McAllister, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

Betty J. Ardini, pro se.

William F. Ardini, pro se.

## ORDER

DEVINE, Chief Judge.

This matter is currently before the Court following hearing[1] on dual issues: (1) the right of the plaintiff to recover attorney's fees pursuant to the pertinent provisions of the "Equal Access to Justice Act", 28 U.S.C. § 2412(d)(1)(A); and (2) the order of judgment to be entered herein. We consider these issues in the order set forth.

### 1. Attorney's Fees

Commenced by the plaintiff, Mary Kennedy, as an action to quiet title to certain real estate, the scope of this litigation expanded when the Government sought by counterclaim to set aside as fraudulent certain conveyances in the plaintiff's chain of title.[2] The first such conveyance occurred on March 6, 1964, when William F. Ardini, who then held record title to the real estate, quit-claimed his interest therein to his then wife, Betty J. Ardini. The second transfer took place on October 9, 1967, when Betty J. Ardini transferred her interest in the premises to the plaintiff herein.

Following trial, the Court ruled[3] that the initial transfer between William and Betty Ardini was not fraudulent, but that the second transfer between Betty Ardini and the plaintiff herein was fraudulent. Accordingly, plaintiff here contends that she "prevailed" on the issue of the first transfer, and, having won at least as to part of the counterclaim, she is entitled to attorney's fees.

Added to the statutory scheme as a portion of P.L. 96–481, the "Equal Access to Justice Act" applies to civil actions which are pending on or commenced on or after October 1, 1981, and as here pertinent, provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

■ As the legislative history makes clear, the burden of proof under the aforesaid statute is upon the Government to prove that its action was "substantially justified or that special circumstances make an award unjust".

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government. This allocation of the burden, in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.

> Certain types of case dispositions may indicate that the Government action was not substantially justified. A court should look closely at cases, for example, where there has been a judgment on the pleadings or where there is a directed verdict or where a prior suit on the same

---

1. Legal memos supporting the positions of the respective parties have also been filed, and the Court has thoroughly reviewed same.

2. The reason for such action on the part of defendant was to adjudicate certain unpaid income taxes to it then owed by added third-party defendants William F. and Betty J. Ardini, who were previous owners of the real estate at issue.

3. The Court's findings and rulings were set forth in its Memorandum Opinion of February 2, 1982.

claim had been dismissed. Such cases clearly raise the possibility that the Government was unreasonable in pursuing the litigation.

The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing. Furthermore, the Government should not be held liable where 'special circumstances would make an award unjust.' This 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

H.R.Rep.No.96–1418, 96th Cong., 2d Sess. 10–11 *reprinted in* (1980) U.S.Code Cong. & Ad.News 4953, 4989–90.

█ While it is clear that, as the instant action was pending on the effective date of the statute, the award would be authorized for services rendered prior to such effective date, *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348 (D.D.C.1982), it is similarly clear that application of the above test requires the Court to rule, as it does herein, that the defendant has carried its burden of proving that its action was "substantially justified".

While plaintiff makes much of the fact that seventeen years elapsed from the date of first transfer and the challenge thereto, she overlooks the thirteen years of time lapse between the second (found fraudulent) transfer and its successful challenge. While it is true that the Court found against the Government as to the first transfer, the Court herewith finds and rules that the Government was not unreasonable in pursuing the litigation—that, based on the "badges of fraud" argument which it presented (although not adopted by the Court), it was justified in proceeding with this litigation.[4]

In short, application of the test of "reasonableness" requires denial of plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).[5]

█ Having so ruled, we find it unnecessary to discuss the issue of whether there are special circumstances in the instant case which would render an award of attorney's fees unjust. However, while we concur with the defendant in its contention that the costs to be herein awarded to plaintiff are limited to those set forth in 28 U.S.C. §§ 1920, 1923,[6] we are satisfied with and accept the argument of plaintiff that the travel and telephone costs set forth in her

---

4. Indeed, in its Order of June 1, 1981, the Court, after hearing on the Government's objection to an Order of the Magistrate which had denied the defendant leave to file its amended answer and counterclaim, specifically overruled the Order of the Magistrate and allowed the defendant to proceed therewith. While not determinative on the merits, this was a clear indication that the Court felt prior to trial that there was merit to the issues raised in such counterclaim.

5. *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225 (D.Md.1981) does not, as plaintiff suggests, illustrate that the Government is required to demonstrate that its decision to litigate "must be based on a careful analysis that it had a probability for prevailing on the merits." As the Court has indicated in the body of this Order (pp. 3, 4), the requirement is to the contrary. And there are here, as the Court finds, no circumstances which would require a finding that the action of the Government was frivolous, unreasonable, or without foundation such as to justify an award of fees under the predecessor statute, 42 U.S.C. § 1988, within the meaning of such cases as *Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), or *Jones v. United States*, 613 F.2d 1311 (5th Cir. 1980).

6. 28 U.S.C. § 2412(a) limits costs to those enumerated in § 1920, and "other expenses" included in the statute are "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case". 28 U.S.C. § 2412(d)(2)(A). These "other expenses" are not here pertinent.

purported bill of costs are costs "incident to depositions". Accordingly, we deny defendant's motion to amend the bill of costs by striking therefrom the item of travel and telephone costs and approve the bill of costs in the amount of $327.96 as originally filed by plaintiff herein.

## II. The Order Of Judgment

Defendant's proposed order of judgment filed in accordance with instructions of the Court set forth (pp. 13, 14 in its Opinion of February 2, 1982) has drawn objection from plaintiff and from third-party defendant Betty J. Ardini primarily on the ground that its computation of the unpaid federal income taxes to be recovered of Betty J. Ardini is incorrect in that it includes a penalty which has been incorrectly and improperly assessed. Betty J. Ardini has filed an affidavit purporting to demonstrate that "reasonable cause" exists for failure by her to pay her 1975 income taxes, which "reasonable cause" justifies relief from the penalties as assessed.

■ 26 U.S.C. § 6651(a)(2) imposes a penalty for failure to pay taxes due on or before the date prescribed for payment of such "unless it is shown that such failure is due to reasonable cause and not due to willful neglect" *Id.* Described as not primarily punitive in nature, but as attempts to protect the revenue, *Plunkett v. Commissioner of Internal Revenue*, 118 F.2d 644, 650 (1st Cir. 1941), the imposition of such penalties is mandatory absent a satisfactory demonstration by the taxpayer that its failure to comply was "due to reasonable cause and not due to willful neglect", *Estate of Geraci v. Commissioner of Internal Revenue*, 502 F.2d 1148, 1149 (6th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975). A reasonable cause for failure to pay taxes exists where the taxpayer satisfactorily demonstrates that she exercised ordinary business care and prudence in providing for the payment of her liability, but what was, nevertheless, either unable to pay the tax or would have suffered "undue hardship" if she paid on the due date. *Norton v. United States*, 551 F.2d 821, 827 (Ct.Cl.), *cert. denied*, 434 U.S. 831, 98 S.Ct. 115, 54 L.Ed.2d 91 (1977).

■ Taxpayer Betty J. Ardini points out that when the taxes here at issue became due and payable on April 15, 1976 she was a housewife without outside source of income and her husband was the sole source of support. However, it is clear as she points out that at the date of payment her husband was unindicted and had not as yet been faced with the charges that ultimately led to his imprisonment. No efforts have been made by either the plaintiff or Mrs. Ardini to demonstrate to the Court what the assets and liabilities of the parties were as of the due date of payment, April 15, 1976. Under these circumstances, the Court finds and rules that the taxpayer has failed to carry her burden of proof and that the computation of the taxes of Betty J. Ardini as set forth in the proposed order of judgment by the defendant United States of America is correct.

## III. Conclusion

In the course of oral argument the Court advised counsel for plaintiff that it would rule that plaintiff was not entitled to recover any interest on the $10,000 advanced to the Ardinis' nor for any of the funds advanced by plaintiff and her husband to permit Mrs. Ardini to pay the mortgage and other maintenance expenses on the real estate during that period her husband was incarcerated and she was without any funds whatsoever. The reason for this ruling is clear. Plaintiff and her husband advanced a theory that they were not charging the Ardinis' interest for the $10,000 which they contended was a pure purchase of the real estate in question, and, when inquiry was made of Mr. Kennedy during trial as to the amounts of the aforesaid advances to Mrs. Ardini he advised that although he had records of same at home he had not been advised to bring them with him to present during the course of trial. Ample opportunity having been afforded plaintiff to present proof in this regard during trial the Court has ruled that it is barred from presentation after the evidence has closed.

As hereinabove indicated, the Court will deny any award of attorney's fees to counsel for the plaintiff, will approve its bill of costs, and, in a supplemental order of judgment this day issued, the Court will set forth the order of judgment to be entered herewith.

SO ORDERED.