**GLOBE, INC., et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 80–1898.**

United States District Court, District of Columbia.

April 7, 1982.

William E. Nelson and Sherlee S. Nelson, Washington, D.C., for plaintiffs.

A. Patricia Frohman, Asst. U.S. Atty., Washington, D.C., Harvey Simon, Associate Gen. Counsel, and Raymond A. Nowak, Washington, D.C., for defendants.

## MEMORANDUM

GASCH, District Judge.

This case is now before the Court on plaintiffs' application for attorneys' fees under the Equal Access to Justice Act [the Act], 28 U.S.C. §§ 2412(b) & (d). The exact amount of attorneys' fees is not presently at issue because the parties have agreed to limit themselves to presentation of five preliminary questions: (1) whether plaintiffs have met the general requirements for fees under § 2412(b) or (d); (2) whether an award of fees in this case would be an improper retroactive application of the Act; (3) whether plaintiffs can recover fees for the *Globe I* case before Judge Oberdorfer; (4) whether plaintiffs can recover fees for issues upon which they did not prevail; and (5) whether plaintiffs can recover for their tort claims. Although each of these issues can be disposed of briefly, some background discussion of the Act must first be presented.

## BACKGROUND

The Act consists of two pertinent provisions:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award....

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust....

(2) For the purposes of this subsection ...

(B) "party" means (i) an individual whose net worth did not exceed $1,000,-000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,-000.

28 U.S.C. §§ 2412(b) & (d).

Subsection (b) waives sovereign immunity so that the United States becomes liable for attorney fees in civil litigation to the same extent that a private party would be. *See* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 6, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4984 [hereinafter "House Report"]; H.R.Conf.Rep. No. 96–1434, 96th Cong., 2d Sess. 21, *reprinted in* [1980] U.S. Code Cong. & Ad.News 5003, 5010 [hereinafter "Conference Report"]. In other words, the three exceptions—the bad faith exception, the common fund exception, and the common benefit exception—to the so-called "American Rule" of no attorneys' fees now apply equally to the government

and private litigants. House Report, *supra,* at 9, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4987.

Subsection (d) is a broad ranging change in prior law, for now any qualifying[1] party in litigation with the government shall be given reasonable fees (not to exceed $75/hour), unless the position of the government was substantially justified or if circumstances make the award unjust. The Act was passed on October 1, 1980, and applies to civil actions "which are pending on, or commenced on or after Oct. 1, 1981." Pub.L. 96–481, § 202, 94 Stat. 2325 (1980) (codified at 5 U.S.C. § 504 note).

The Act was enacted as a part of Congress' concern that the heavy cost of litigation against the government was having disastrous consequences on small businesses. *See* 126 Cong.Rec. H10,215–31 (daily ed. October 1, 1980) (remarks of Reps. Kastenmeier, Smith, Moakley, McDade, Heckler). The Act was added as a floor amendment to the Senate version of amendments to the Small Business Act. *See* 126 Cong.Rec. S13,686 (daily ed. Sept. 26, 1980). A similar bill had been reported out of the House Judiciary Committee on the previous day. At conference, the provisions of the Senate amendment were kept intact. *See* Conference Report, *supra,* at 21, *reprinted in* [1980] U.S.Code Cong. & Ad.News 5010.

DISCUSSION

1. *The Propriety of a Fee Award.*

■ Under the Act a party may recover fees from the United States if the requirements of either 28 U.S.C. § 2412(b) or 28 U.S.C. § 2412(d) are met. Because the plaintiffs qualify for fees under subsection (d), the Court need not address the question whether this case has created a "common fund" or "common benefit" under subsection (b).

As a threshold matter, an applicant for attorneys' fees must meet the net worth limitations set up by the Act. 28 U.S.C. § 2412(d)(2)(B). Plaintiffs have asserted and defendants do not dispute that Globe Book Shops and Alexander Roesell fulfill those requirements. *See* Affidavit of Alexander S. Roesell, Plaintiffs' Application for Attorneys' Fees, Attachment 3.

■ Under subsection (d) of the statute no fees will be awarded if the government shows that its position was substantially justified or that special circumstances make the award unjust. The test of whether the government was substantially justified is "essentially one of reasonableness." House Report, *supra,* at 10–11, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4989. Defendants have not carried this burden. They claim that in the *Globe* cases the government "has been breaking new ground" as to the authority of the Bank Board to lease out commercial space. Nonetheless, the terms of the leases underlying this litigation were clearly unreasonable[2] and it is this "governmental action" against which the propriety of an award of fees is measured. Indeed, this seems to be precisely the kind of case Congress had in mind when it passed the Act.

2. *Retroactivity.*

■ The Act covers civil actions "which are pending on, or commenced on or after Oct. 1, 1981." Summary judgment in this case was given for Globe, Inc. on October 15, 1981; thus the case clearly was pending on the date that the statute went into effect. The central question before the Court, then, is whether plaintiffs are entitled to fees and expenses incurred before October 1, 1981.

Neither the statute nor the legislative history specifically addresses this question.

---

1. To qualify for fees a party must be a small business with net worth of less than five million dollars or less than 500 employees or an individual with net worth of less than one million dollars. 28 U.S.C. § 2412(d)(2)(B).

2. The act which authorized the leasing of space in a government building, 40 U.S.C.

§ 490(a)(16), specified that the lease would charge the market rate in the area. Here plaintiff sought to bid on the space occupied by Crown Books Corp. but was not afforded that opportunity. Subsequently the government leased the space at approximately one-half the market rate to Crown, a competitor of plaintiff.

However, both the Conference Report, *supra,* at 22, *reprinted in* [1980] U.S.Code Cong. & Ad.News 5011, and the House Report on the similar bill upon which the Senate floor amendment was patterned, House Report, *supra,* 11, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4990, make specific reference to *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1975), as an example of the kind of case meant to be covered by the Act. In that case, plaintiffs were awarded attorneys' fees even though the statutory authorization for fees was not enacted until the suit was on appeal. The reference to *Bradley* indicates that, in cases such as the present one, fees should be awarded retroactively.

The two district courts that have already addressed this question have held that the Act does operate retroactively to encompass fees incurred prior to October 1, 1981. In *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982), the Court awarded fees in a case for which judgment had been entered on September 2, 1981. The Court reasoned that, because the appeal period had not run when the Act took effect, the case was still pending. Thus, in *Berman,* all fees awarded were incurred before the effective date of the Act. Similarly, Judge Penn of this Court in *Photo Data v. Sawyer,* 533 F.Supp. 348 (1982), awarded fees for work done prior to October 1, 1981 because

> nothing in the legislative history suggests that it should be interpreted to apply only to that part of a case pending on October 1, 1981 that occurs on or after that date. Moreover, construing the Act to bifurcate cases on October 1, 1981 would eschew the purpose of the Act to provide financial assistance to those litigants who would not ordinarily be able to contest unreasonable government action, as it would diminish their recovery and thereby remove the incentive to sue ....

At 351. Judge Penn's reasoning is persuasive. Consequently, plaintiffs may recover fees for work done before October 1, 1981.

3. *Globe I.*

■ On March 21, 1979, judgment was entered in *Globe, Inc. v. Federal Home Loan Bank Board (Globe I),* 471 F.Supp. 1103 (D.D.C.1979). Although the present case and *Globe I* arose out of the same leasing transaction, the two cases were entirely separate causes of action. Thus no fees will be awarded for the earlier case.

4. *The Tort Claims.*

■ The plaintiffs claim that "[a]s a prerequisite to equitable relief in the *Globe II* litigation, it was necessary for plaintiffs first to establish that no damages remedy was available to them" because Judge Oberdorfer in *Globe I* had suggested that the plaintiffs had legal remedies. Thus, in the plaintiffs' view, they are entitled to fees for those claims.

The argument is without merit and must be rejected. First, under subsection (d) of the Act, fees may not be recovered for tort claims. Moreover, the tort claims were clearly frivolous, and consequently the plaintiffs are not entitled to fees for those claims under 28 U.S.C. § 2412(b).[3]

5. *The Claims Upon Which Plaintiffs Did Not Prevail.*

■ An additional reason for denying fees on the tort claims is that plaintiffs did not prevail on them. As the Court of Appeals stated in *Copeland v. Marshall,* 641 F.2d 880, 891–92 (D.C.Cir.1980) (en banc): "no compensation should be paid for time spent litigating claims upon which the party seeking the fee did not ultimately prevail." The tort claims were not merely an alternative legal theory to that on which plaintiff ultimately prevailed; the tort theory was a totally different kind of relief, legal relief,

---

**3.** Subsection (b) has no restrictions on recovering for tort claims. Because subsection (b) sets out circumstances in which the court "may" award fees while subsection (d) states that a court "shall" award fees, the court has more

discretion under the former provision than it does under the latter. *Compare* 28 U.S.C. § 2412(b) *with id.* § 2412(d). The Court will not award fees for claims that were clearly meritless.

as opposed to the equitable relief finally granted. No fees will be awarded for these claims or any other claims upon which the plaintiffs failed to make out their case.

Plaintiffs did, however, prevail in enjoining the government from leasing government space at approximately one-half of the market rate to a competitor. Moreover, plaintiffs obtained a declaration that such a lease was void *ab initio.*

## CONCLUSION

The plaintiffs are entitled to attorneys' fees for all claims upon which they prevailed. Accordingly, plaintiffs shall, pursuant to 28 U.S.C. § 2412(d)(1)(B), submit, within ten (10) days of this order, an itemized statement setting forth the actual time expended on these claims and the rate at which fees are computed.