NATIONAL AGRICULTURAL CHEMICALS ASSOCIATION, INC., et al., Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.

Civ. A. No. 79–2063.

United States District Court, District of Columbia.

Jan. 20, 1983.

John D. Conner, Kenneth W. Weinstein, Louise P. Wise, Washington, D.C., for plaintiffs.

Stephen D. Ramsey, and Dept. of Justice, Washington, D.C., William L. Jordan, E.P.A., Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

Plaintiffs, a producer of pesticides and a non-profit trade association representing manufacturers of pesticides, challenge certain regulations enacted by the Environmental Protection Agency (EPA) to implement the 1978 amendments to the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq.* Specifically, plaintiffs contend that the regulations in question, 40 C.F.R. §§ 162.9–3 through 162.9–5,[1] exceed the enabling authority vested in the EPA by section 3(c) of FIFRA, 7 U.S.C. § 136a(c).

In *Mobay Chemical Corp. v. Gorsuch,* 682 F.2d 419 (3rd Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982), the Court deferred reaching the same issue (presented by another pesticide manufacturer) as it accepted the argument that the regulations were promulgated in violation of the notice-and-comment and effective date requirements of the Administrative Procedure Act (APA), 5 U.S.C. §§ 553(b) & (d), 706(2)(D).[2] *Id.* at 425. To avoid confusion, however, the court delayed issuance of its mandate for six months, during which time the EPA was to take all necessary steps to promulgate regulations in accordance with the APA.[3] *Id.* at 427.

On or about July 6, 1982 the EPA submitted to the Third Circuit a motion for panel reconsideration or for further stay of issuance of the mandate in *Mobay Chemical.*[4] Then, on November 27, 1982 the EPA issued a proposed rule, readopting the original regulations. Regulations for the Enforcement of FIFRA; Compensation for Use of Data, 47 Fed.Reg. 57,635, 57,636–37 (1982).

Since *Mobay Chemical* and an earlier case, *Chevron Chemical Co. v. Costle,* 641 F.2d 104 (3rd Cir.), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981), present a detailed explication of the legislative history of FIFRA, this Court incorporates the analysis in those opinions instead of duplicating them. The regulations challenged by the plaintiffs in this litigation are commonly known as the "cite-all" regulations. 40 C.F.R. §§ 162.9–3—162.9–5 (redesignated as proposed 40 C.F.R. §§ 162.-185–162.190, 47 Fed.Reg. at 57,636). They require applicants for registration of pesticides to "cite all" data in EPA files which are pertinent to an evaluation of the pesticide in question, and to compensate each person or company who originally generated such data. *See Mobay Chemical,* 682 F.2d at 424.

Plaintiffs argue that section 3(c)(1)(D) of FIFRA, 7 U.S.C. § 136a(c)(1)(D), provides two *alternative* procedures for supporting a

---

1. These regulations were recently redesignated in a proposed rule as 40 C.F.R. §§ 162.185, 162.187, 162.190. Regulations for the Enforcement of FIFRA; Compensation for Use of Data, 47 Fed.Reg. 57,635 (1982) (to be codified at 40 C.F.R. Part 162).

2. Plaintiffs here also cited 5 U.S.C. § 553 as an alternative basis for striking down the regulations. This component of the litigation has, of course, been mooted by *Mobay Chemical* and the issuance of a new proposed rule. *See* note 1 *supra.*

3. The *Mobay Chemical* decision affirmed in part and vacated in part a lower court ruling upholding the regulations in all respects. *See Mobay Chemical Corp. v. Costle,* 517 F.Supp. 254 (W.D.Pa.1981).

4. At oral argument, on November 1, 1982, counsel for the defendant informed the Court that the motion had been denied with leave to file another motion in January 1983 when the stay is scheduled to expire.

pesticide registration application: (1) a full description of the applicant's own test data, or (2) a citation to the public literature or to previously submitted data. According to plaintiffs, since the regulations require applicants to submit both types of information they do not comport with the statutory prescription.[5]

Defendant asserts that plaintiffs' premise overlooks the fact that the EPA will not confine its inquiry to the data provided by an applicant if a broader range of information exists. Moreover, defendant contends that the "cite-all" requirement is a fair method for effectuating the EPA's "generic standards program" for registration of pesticides. See Memorandum in Support of Defendant's Motion for Summary Judgment at 31–38, 52–54.

■ The Court begins with the well settled principle that the starting point for construing statutory language is the wording of the statute itself, giving it its plain, clear and common meaning. *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 350 (D.D.C. 1982) (and cases cited therein). Section 3(c)(1) of FIFRA provides, in pertinent part:

> Each applicant for registration of a pesticide shall file with the Administrator [of the EPA] a statement which includes—
>
> (D) ... if requested by the Administrator, a full description of the tests made and the results thereof upon which the claims are based, or alternatively a citation to data that appear in the public literature or that previously had been submitted to the Administrator....

7 U.S.C. § 136a(c)(1).

■ While the "generic standards program" might be most fairly implemented by the "cite-all" regulations there is nothing in the statute to suggest that Congress intended the applicant to bear the cost of gathering all the information germane to the establishment of a generic standard for a particular active ingredient. Moreover, while it is commendable that the EPA does not intend to limit its inquiries to the data submitted by applicants, the plain language of the statute does not support the EPA's conclusion that the applicants are required to provide all the information the EPA would like to review.

Additionally, the legislative history supports plaintiffs' interpretation of the statute. The Joint Explanatory Statement of the Committee of Conference, in support of the 1978 amendments to FIFRA, stated, in relevant part:

> 4. *Statement in support of registration*
>
> The *Senate* bill retains existing law, which requires applicants for registration of a pesticide to file with the Administrator a statement that includes, if requested by the Administrator, a full description of tests made and the results thereof on which claims for the pesticide are based.
>
> The *House* amendment also retains this provision, but, in addition, provides that, as an alternative to describing tests made and results thereof, the applicant may cite data (1) that appear in the public literature, or (2) that previously had been submitted to the Administrator by the original data submitter if the exclusive use and data compensation provisions are met.
>
> The *conference* substitute adopts the *House* provision.

H.R.Conf.Rep. No. 1560, 95th Cong., 2d Sess. 29 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 1966, 2043, 2045.

Finally, the Court notes that the EPA admits having a hand in legislation currently pending before both the House and Senate which would allow an applicant to submit *any combination* of its own data and previously submitted data in support of a registration application. The EPA could

---

**5.** Plaintiff Ciba-Geigy Corporation alleges that it has had at least three applications rejected by the EPA for failure to offer compensation to prior data submitters, notwithstanding the fact that its products were found in compliance with the statutory criteria for registration. Since Ciba-Geigy believes its own test data are sufficient to support its applications it would choose not to cite previously submitted data.

then, on its own initiative, review all relevant data in its files to evaluate the application. *See* 47 Fed.Reg. at 57,638–57,639; Motion for Panel Reconsideration in Part or, in the Alternative for Further Stay of Issuance of Mandate Invalidating Regulations at 11, submitted by the EPA in *Mobay Chemical Corp. v. Gorsuch,* No. 81–2190 (3rd Cir. July 6, 1982).

The Court therefore concludes that the "cite-all" regulations are unlawful as they exceed the regulatory authority granted to the EPA by section 3(c) of FIFRA.

In view of the above, it is hereby

ORDERED that defendant's motion for summary judgment is denied, and it is further

ORDERED that plaintiffs' motion for summary judgment is granted, and it is further

ORDERED that the EPA and its Administrator, officers, employees and agents are permanently enjoined from rejecting an application for registration of a pesticide, pursuant to section 3(c) of FIFRA, on the ground that the applicant has only submitted "a full description of the tests made and the results thereof upon which the claims are based", as long as the data submitted by the applicant meets the statutory criteria for registration.