UNITED STATES of America and David
P. Swire, Special Agent, Internal
Revenue Service, Petitioners,

v.

KEMPER MONEY MARKET FUND,
INC., Respondent,

v.

CONTINENTAL ILLINOIS NATIONAL
BANK AND TRUST COMPANY,
Respondent,

v.

FIRST NATIONAL BANK OF HIGH-
LAND PARK, Respondent,

v.

NORTHERN TRUST BANK, Respondent.

Nos. 82 C 3466, 3467, 3468 and 3469.

United States District Court,
N.D. Illinois, E.D.

Dec. 13, 1983.

Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for petitioners.

Barry T. McNamara, James A. Geocaris, David B. Bayless, D'Ancona & Pflaum, Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

On October 4, 1983, a hearing was held on the petition of the Internal Revenue Service ("IRS") to enforce a number of IRS summons issued against various financial institutions at which intervenor-taxpayers Robert L. Wenz and Merrick Consultants, Ltd. have accounts. These taxpayers have intervened in the summons enforcement proceeding pursuant to 26 U.S.C. § 7609(b)(1).

 In *United States v. Kis*, 658 F.2d 526 (7th Cir.1981), the court set forth the procedures to be followed by district courts in IRS summons enforcement proceedings.

The enforcement proceeding begins when the government files a petition for enforcement under 26 U.S.C. § 7604. The government must submit along with its petition evidence of a *prima facie* case that the conditions exist for the issuance of a summons. The government's burden at this stage is a "slight one". It must show only that:

(1) the investigation will be conducted pursuant to a legitimate purpose

(2) the inquiry may be relevant to that purpose

(3) the information sought is not already within the Commissioner's possession, and

(4) the administrative steps required by the Code have been followed—in particular, that the Secretary or his delegate, after investigation, has determined the further investigation to be necessary and has notified the taxpayer in writing to that effect.

658 F.2d at 536. The government ordinarily proves these four elements by submitting affidavits of the agents involved in the investigation.

■■■ If the government meets its burden of establishing a *prima facie* case, the district court should order the respondent to show cause why the summons should not be enforced. At this stage of the proceeding, the burden of production and proof has shifted to the taxpayer, and this burden is a "heavy one". 658 F.2d at 538. The taxpayer must establish that enforcement would constitute an abuse of the court's process. He must prove bad faith on the part of the government by showing that the government has abandoned in an institutional sense its pursuit of possible civil penalties. 658 F.2d at 538 (citations omitted). The taxpayer must do more than just produce evidence which would call into question the government's *prima facie* case. The taxpayer must allege specific facts from which the court might infer a possibility of wrongful conduct by the government. Mere allegations of bad faith are not sufficient.

■■■ To meet this burden, the taxpayer is entitled to a limited amount of preliminary discovery. The taxpayer may discover:

(1) the identities of the investigating agents,

(2) the date the investigation began

(3) the dates the agent or agents filed reports recommending prosecution,

(4) the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation

(5) the date the Office of Regional Counsel referred the matter for prosecution,

(6) the dates of all summonses issued under 26 U.S.C. § 7602, and

(7) the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.

658 F.2d at 539, *United States v. Garden State National Bank*, 607 F.2d 61, 71 (3rd Cir.1979).

■■■ If the taxpayer can present enough specific facts to meet his burden, he is entitled to an adversarial hearing. At this hearing the government may make its *prima facie* case through introduction again of the affidavits submitted at the beginning of the enforcement proceeding. The taxpayer must then present evidence to prove the specific facts alleged in his responsive pleading. He is entitled to examine under oath the agents responsible for the investigation, and any other witnesses he may call. The district court must exercise discretion, however, to prevent the hearing from becoming a pure fishing expedition for the taxpayer.

■■■ At the hearing, the taxpayer must prove by a preponderance of the evidence some improper use of the summons by the IRS. The most common improper use alleged is that the IRS seeks the information for use solely in a criminal prosecution. Since tax investigations often have a dual civil and criminal purpose, the court must determine whether the IRS has made an institutional commitment to prosecute the taxpayer. The mere existence of a concurrent criminal purpose, however, is

irrelevant to the decision to be reached at the hearing. If a formal recommendation to prosecute has not been made by the prosecutor, the taxpayer bears the heavy burden of proving that the IRS has abandoned any institutional pursuit of a civil tax determination, or some other improper conduct by the government. Such improper conduct would include: (1) that a summons was issued at the request of the Justice Department, or (2) that formal recommendations for prosecution were being delayed until a summons could be issued and enforced, solely to further a criminal prosecution. *United States v. Kis,* 658 F.2d at 539, n 37 (citations omitted).[1]

In this case, the IRS met its "slight" burden by submitting affidavits establishing that the summonses requested relevant information for a legitimate purpose that the IRS did not possess, and that the proper administrative steps had been followed. The taxpayer was then allowed the discovery permitted under *Garden State.*

After the discovery, the taxpayer filed an answer to the petition. The taxpayer alleged, among other things, that he had reason to believe he was the subject of a mail cover and a possible wire tap, and that he was one of 163 persons subject to a special IRS criminal tax investigation for illegal tax shelters as announced in an IRS press release.

In the cautious exercise of its discretion, this court determined that the taxpayer alleged sufficient facts from which the court could infer a possibility of wrongful conduct by the government. The court therefore granted the taxpayer a hearing.

In response to further discovery request by the taxpayer, the IRS requested and was granted leave to file certain documents with the court *in camera* under seal, in order to protect the security of the taxpayer investigation. After examining the documents, the court concluded that they did not contain conclusive evidence of any formal institutional decision to criminally prosecute the taxpayer, and that the taxpayer would be able to elicit testimony at the hearing concerning relevant portions of the materials contained in the documents without revealing the substance of or jeopardizing the IRS investigation.

An adversarial hearing was held beginning on October 4, 1983. Several IRS agents, the District Director of the IRS, and the taxpayer, Robert L. Wenz, testified. After that hearing, the court reviewed again the documents submitted by the government *in camera* under seal. The court then determined that, in order to provide the taxpayer with a full and fair

---

1. It should be noted that § 7602 has been amended, effective September 4, 1982, to permit the IRS to issue summonses solely for criminal tax purpose until there has been a referral to the Justice Department recommending either a grand jury investigation or a criminal prosecution of the taxpayer. Under this "bright line" test, the more complex procedures and determinations required in *United States v. Kis* are replaced by a single determination of whether a referral has been made.

The testimony and affidavits in this case clearly establish that no referral has been made to the Justice Department. Therefore, if the new § 7602 were applied to the summonses in this case, the petitions for enforcement would be granted.

After initially taking a contrary position, the government has asserted at various times that the new statute is applicable to the summonses even though it became effective after the summonses were issued. The court requested briefs from the parties on this issue. After reviewing the case law and legislative history cited by the parties, the court has concluded that the new statute does not apply to summonses issued before the effective date of the statute. It is well established that laws should not be given retroactive effect without a clear mandate from the legislature. *South East Chicago Commission v. Department of Housing and Urban Development,* 488 F.2d 1119, 1123 (7th Cir.1973). Neither the language of the amended § 7602 nor the legislative history cited by the parties reveal a clear mandate to apply the amendments retroactively. The court therefore will not apply the new provisions of § 7602 to the summonses in this proceeding.

The court also notes, as the taxpayer has pointed out, that nothing on the face of the amended § 7602 would prevent the IRS from withdrawing the summonses at issue in this proceeding and issuing new summonses under the amended statute. Since the IRS has chosen not to do this, however, the § 7602 in effect when the summonses were issued must be applied in this case.

hearing, the taxpayer was entitled to elicit further testimony from IRS personnel on a certain matter discussed in the sealed documents relating to the internal status of the investigation of the taxpayer.

On October 25, 1983, the court held an *in camera, ex parte* hearing, the transcript of which is under seal, at which only the attorney for the IRS was present. At this hearing, the court informed the IRS of its decision that further testimony should be provided by IRS personnel to comply with the dictates of *United States v. Kis*, and inquired into the IRS position on providing further testimony.

A second *in camera, ex parte* hearing was held on November 1, the transcript of which is also under seal. At this hearing, the IRS announced its position that it would not produce the necessary witnesses for further testimony in the indicated area. The IRS takes the position that the testimony the court seeks to allow the taxpayer to elicit is absolutely privileged, and that it is not relevant to the determination the court must make. The IRS also stated that, even if the IRS personnel were called to the stand, they would not be able to testify about the matters in question, under 26 C.F.R. § 301–9000–1 and a decision made by the Commissioner under this regulation regarding the scope of the testimony the agents are permitted to give. The IRS attorneys recognized at the *in camera* hearings, as it has in the memorandum submitted with the sealed documents, that the appropriate sanction for its refusal to permit testimony would be dismissal of the petition for enforcement under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Based on the evidence presented at the hearing only, the court would conclude that the taxpayer has not met its burden of showing that the IRS has abandoned its civil purpose, or that the summonses were issued for other improper purposes.[2] However, because the IRS has refused to permit testimony which is relevant and necessary for a final determination of these issues, the taxpayer has not been provided a full and fair hearing. It is not the intent of this court to prevent the IRS from pursuing its investigation of the taxpayer, or to require the IRS to reveal the substance of its files to the taxpayer. However, the limited and non-substantive disclosures the court has required of the government would not, in the court's opinion, hamper the IRS investigation of the taxpayer.

Because the Government's refusal to comply with the order of the Court prevents the Court from according the taxpayer the full and fair hearing to which he is entitled, the Court finds that, under Rule 37 of the Federal Rules of Civil Procedure, the most appropriate sanction is the dismissal of this enforcement proceedings. Accordingly, the petitions to enforce the summonses are hereby dismissed.

---

**2.** The court finds that the testimony of the IRS agents, which the court found to be highly credible, established that the IRS was at the time the summonses were issued and is now pursuing a dual civil and criminal purpose. The court further finds no evidence of any wrongful conduct on the part of the IRS. The mail cover imposed by the IRS is commonly used in civil investigations, and the court found no credible evidence of any wiretap of the taxpayer by the IRS. IRS agents gave testimony the court found to be highly credible establishing that no wiretap was requested or imposed by the IRS. The court found that the testimony of the taxpayer regarding his suspicion of a possible wiretap was not credible, and raised no question of improper conduct by the government.

The only possible inference of wrongful conduct by the government would relate to any attempt by the IRS to delay a formal recommendation for prosecution until a summons could be issued and enforced, solely to further a criminal prosecution. *See United States v. Kis*, 658 F.2d 526, 539 n. 7 (7th Cir.1981). Although there is no indication from the evidence presented at the hearing that the government has so delayed, without the opportunity to elicit the testimony the government refuses to permit, the taxpayer cannot receive a full and fair hearing on this issue.