UNITED STATES of America and David P. Swire, Special Agent, Internal Revenue Service, Petitioners,

v.

KEMPER MONEY MARKET FUND, INC., Respondent,

v.

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY, Respondent,

v.

FIRST NATIONAL BANK OF HIGHLAND PARK, Respondent,

v.

NORTHERN TRUST BANK, Respondent.

Nos. 82 C 3466 to 82 C 3469.

United States District Court, N.D. Illinois, E.D.

July 17, 1984.

Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for petitioners.

Barry T. McNamara, James A. Geocaris, David B. Bayless, D'Ancona & Pflaum, Chicago, Ill., for taxpayer.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

This action is before the court on motion of respondents Robert L. Wenz and Merrick Consultants, Ltd. for costs and attorney's fees pursuant to 28 U.S.C. § 1920, the Equal Access to Justice Act, 28 U.S.C. § 2412, and Rule 37 of the Federal Rules of Civil Procedure. For the reasons set forth below, respondents' petition is denied.

### Background

The IRS brought this action to enforce IRS summonses issued against various financial institutions at which respondents have accounts. Respondents intervened pursuant to 26 U.S.C. § 7609(h)(1). A hearing was held in accordance with the procedures set forth in *United States v. Kis*, 658 F.2d 526 (7th Cir.1981), at which various government agents and Robert Wenz testified. After the hearing, and after inspecting *in camera* documents submitted by the IRS relating to the IRS investigation, the court determined that, to provide a full and fair hearing, the taxpayer was entitled to elicit further testimony from certain IRS agents concerning the status of the investigation. The IRS asserted that the relevant testimony was privileged and that the agents were barred from testifying on the subject in question by IRS regulation since the IRS refused to permit the officials to testify. The IRS therefore declined to produce these witnesses for further testimony. The IRS agreed that in view of the Court's decision that such testimony was needed to complete the *Kis* hearing, an appropriate sanction was dismissal of the enforcement action by the Court. The court then issued a Memorandum Opinion and Order, dated December 13, 1983, 575 F.Supp. 1505, in which the court found that respondents had not met their burden thus far at the hearing. However, the court concluded that, since the IRS refused to permit additional testimony that the court found necessary for a full determination of the issues, respondents could not be provided a full and fair hearing. The court therefore dismissed the case pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Respondents have now petitioned the court for costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Rule 37 of the Federal Rules of Civil Procedure.

### Costs

■ First, with regard to the petition for costs, 28 U.S.C. § 2412(a) provides that costs may be awarded to the prevailing party in any civil action brought by or against the United States. Thus, to award costs, the court must first determine that the party petitioning for costs is a prevailing party.

■ The instant action does not present the usual case in which one party can be said to have prevailed at least on some specific substantive issues. Here, although the taxpayers sought dismissal of the petition and the petition was in fact dismissed,

the dismissal was not the result of any substantive or procedural victory for the taxpayers. Instead, dismissal resulted from a procedural choice by the IRS based on reasons that were not revealed in order to protect the secrecy of its investigation of the taxpayers. The court in fact found against the taxpayers on all grounds they raised at the hearing in support of dismissal, and found in favor of the government on the matters raised by it, based on the evidence presented at the hearing. Since the taxpayers cannot be said to have prevailed on any substantive issue it raised in the action, the court concludes that the taxpayers are not the prevailing party within the meaning of the act. The taxpayers therefore are not entitled to costs under § 2142(a).

Moreover, even if the taxpayers were deemed to have prevailed, the court would exercise its discretion to deny costs under § 2142. Section 2412(a) provides that the court "may" award costs against the United States to a prevailing party. Thus, awarding of costs is not discretionary, not mandatory. *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225 (Md. 1981). In light of the peculiar circumstances of this case, and particularly the need for the IRS to avoid jeopardizing its investigation, this court exercises its discretion not to award costs to taxpayers.

## Attorney's Fees

■ Taxpayers also seek an award of attorney's fees under 28 U.S.C. § 2412(d)(1)(A) and Rule 37(b) of the Federal Rules of Civil Procedure. Section 2412(d)(1)(A) provides that attorney's fees "shall" be awarded to a prevailing party in any action by or against the United States, unless the court finds that the position of the United States was substantially justified, or that special circumstances make an award unjust. For the reasons discussed above, the court finds that the taxpayers are not prevailing parties and therefore are not entitled to attorney's fees under § 2412(d)(1)(A).

■ The court further finds that, even if the taxpayers were deemed prevailing parties, they would not be entitled to attorney's fees because the position of the United States was substantially justified. The test for substantial justification is one of reasonableness. *Ramos v. Haig*, 716 F.2d 471 (7th Cir.1983). The court finds that the government's position in this case was reasonable. First, the court's findings in the Memorandum Opinion and Order of December 13, 1983, demonstrate that the government's overall position with respect to its petition for enforcement of the summonses was reasonable, i.e., that the IRS was justified in bringing the enforcement proceeding. In addition, the court finds that the litigation position of the government on the production of witnesses for further testimony was also reasonable. The court determined that additional testimony was required to provide a complete hearing under *United States v. Kis*, and the IRS chose not to reveal information that might otherwise have been privileged. Since there is an important public interest in allowing the IRS to protect the secrecy of its investigations, and other methods of investigation could be pursued by the IRS to obtain the records sought, the court finds that the government's position with respect to the additional testimony ordered by the court was reasonable. The court therefore concludes that the government's position in this case was substantially justified. Thus, even if the taxpayers are deemed the prevailing party in this case, they are not entitled to attorney's fees under § 2412(d)(1)(A).

Taxpayers also seek attorney's fees pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Rule 37 sets forth various sanctions the court may impose for failure to comply with discovery orders. In dismissing the IRS' petition, the court invoked Rule 37(b)(2)(C). The taxpayers now ask the court to impose the additional sanction of attorney's fees pursuant to the final paragraph of Rule 37(b)(2), which provides:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order

on the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of fees unjust.

Thus, attorney's fees may not be awarded under the rule if the position of the government was substantially justified.

As discussed above with regard to § 2412, the court finds that the position of the IRS in this case was substantially justified. Therefore, the taxpayers are not entitled to attorney's fees under Rule 37.

### Conclusion

Accordingly, taxpayers' petition for costs and attorney's fees is denied.