**John Walter HACKETT, Plaintiff,**

v.

**STUCKEY'S, INC., Defendant.**

**Civ. A. No. 84–0073–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

July 21, 1987.

William A. Beeton, Jr., Fairfax, Va., for plaintiff.

M. Bruce Wallinger, Harrisonburg, Va., Michael C. Towers, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiff instituted this action seeking redress of defendant's alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b) and (c) and the provisions of 28 U.S.C. § 1337. After a two-day trial on October 2 and 3, 1986, the jury returned a verdict in favor of the defendant. The plaintiff has now moved for judgment notwithstanding the verdict. Defendant, as the prevailing party, has requested an award of costs and attorney's fees.

*Plaintiff's Motion for Judgment Notwithstanding the Verdict*

The burden falls heavily upon a party seeking to set aside a jury verdict, for it is well established law that the court must view the jury verdict in the light most favorable to the party in whose favor it is found, and such a party is entitled to the benefit of all inferences which the evidence fairly supports, even though contrary inferences might be drawn. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as cited in *Jacobs v. The College of William and Mary,* 517 F.Supp. 791, 794 (E.D.Va.1980). Issues of fact are left to the determination of the jury, whose duty it is to determine the credibility of the witnesses, and the court should not attempt to substitute its judgment for that of the jury in disputed cases. *Jacobs,* 517 F.Supp. at 794. Only in those rare situations where the jury's verdict is wholly contrary to the law or the evidence, or without evidence to support it, is it proper for the court to grant judgment *non obstante verdicto.* The applicable standard permits the court to grant the judgment n.o.v. only when "the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict." *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). *See, also, United States v. Shipp,* 409 F.2d 33, 36 (4th Cir.1969) (wherein the Fourth Circuit adopts an identical standard in a criminal case and avers that it is equally applicable to civil actions).

Plaintiff, in his brief, asserts that he has met this standard because the strong weight of the evidence proved that Mr. Hackett was terminated solely because of his age and the defendant's own evidence showed that the reasons set forth by the defendant for firing Mr. Hackett were merely a pretext. The plaintiff asserts that there could have been but one reasonable conclusion as to the verdict in this case; thus, this jury's verdict is wholly contrary to the evidence.

■ At trial, the defendant introduced a wealth of evidence that Mr. Hackett's age was not a determining factor in his termination. The bulk of that evidence went to establishing the fact that Mr. Hackett was terminated, not for his age, but for failing to follow the direct orders of his superior. Further, the defendant adduced evidence that illustrated that Mr. Hackett's store was the least profitable company store in the region.

The jury had the opportunity to see and hear all the witnesses, and, based upon its credibility determinations, it chose to credit the testimony of the defendant, as opposed to that of the plaintiff and his witnesses. That determination was well within the fact-finding province of the jury, and this court will not substitute its judgment for that of a jury.

Viewing this jury's verdict in the light most favorable to the defendant, this court finds that the jury's verdict was well within the weight of the evidence and cannot be construed as a miscarriage of justice. Accordingly, the plaintiff has not carried its burden of showing that only one reasonable conclusion as to the verdict could have been reached, and plaintiff's motion for judgment notwithstanding the verdict shall be denied.

### Defendant's Motion For Costs

■ Rule 54(d), Federal Rules of Civil Procedure, provides in pertinent part, that, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Further, 28 U.S.C. § 1920 states that,

A judge or clerk of any court of the United States may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies and papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this Title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Thus, while the court has discretion on the issue of allowing costs, *Constantino v. American S/T Achilles*, 580 F.2d 121, 123 (4th Cir.1978), in the ordinary case, the prevailing party is presumed to be entitled to recover them, *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 229 (D.Md.1981).

In this action, plaintiff brought suit against the defendant Stuckey's on an age discrimination claim. On October 6, 1986, the jury returned a verdict in favor of the defendant. Consequently, pursuant to Rule 54(d), Fed.R.Civ.P., the defendant is the prevailing party in this action and is entitled to an award of costs unless the plaintiff can meet its burden of demonstrating that costs should not be awarded. See Wright & Miller, *Federal Practice and Procedure*, § 2668 (1973). Only those costs specified in 28 U.S.C. § 1920 may be recovered, *Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 229 (D.Md.1981). The plaintiff has advanced no reasons why costs should not be taxed against him; therefore, this court shall grant defendant's motion for an award of all § 1920 costs incurred in this action.

### Defendant's Motion for an Award of Attorney's Fees

■ In the absence of specific statutory authorization, the federal courts follow the "American Rule" and do not allow the prevailing party to recover attorney's fees as costs. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The one exception to this general rule is in that narrow class of cases where the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." 421 U.S. at 258–59, 95 S.Ct. at 1622. The defendant in this action moves for this court to allow it an award of reasonable attorney fees. In determining whether attorney fees are permissible in this action, this court is guided by the reasoning of *Cova v. Coca Cola*

*Bottling Co. of St. Louis,* 574 F.2d 958, 962 (8th Cir.1978), wherein the court stated, "in establishing causes of action under the Age Discrimination in Employment Act, Congress incorporated the procedural provisions of 29 U.S.C. § 216(b). 29 U.S.C. § 626(b). § 216(b) authorizes the award of attorney's fees to prevailing plaintiffs but does not authorize such an award for prevailing defendants. Thus, attorney's fees may be awarded to prevailing defendants in age discrimination cases only under the bad faith exception to the American Rule discussed in *Alyeska.*" *Cova,* 574 F.2d 962. Under that standard, the question to be resolved is whether in bringing this suit the plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

■ Defendant asserts that its counsel made settlement offers which would have more than compensated the plaintiff for his lost income, and in response plaintiff made settlement demands which he could not possibly have received if the jury had rendered a verdict in his favor and awarded all the damages he sought. Further, the defendant contends that its offer was in fact almost identical to the amount of damages the plaintiff claimed in his closing argument to the jury. Consequently, the defendant argues that in prosecuting this suit the plaintiff acted vexatiously and in bad faith, and such action justifies an award of defendant's reasonable attorney's fee.

The defendant places great emphasis on the plaintiff's refusal of a pre-trial settlement offer to bolster its argument that plaintiff acted in bad faith in pursuing this action. However, at the outset this court notes that the evaluation of the potential value, and an evaluation of the merits, of a case is an imperfect science. Under the circumstances of this case, this court is unwilling to go so far as to say that a plaintiff's refusal of a pre-trial settlement offer constitutes unreasonable conduct. This court is not, absent egregious circumstances, willing to find that such refusal is evidence of bad faith. Further, it must be noted, in this case when the defendant moved to strike the plaintiff's evidence after the presentation of its case-in-chief, this court denied defendant's motion because it found the plaintiff had made out a *prima facie* case of age discrimination. Moreover, at the close of the evidence, this court overruled defendant's motion for a directed verdict, finding that plaintiff had presented sufficient evidence of age discrimination for the case to go to the jury. With this in mind, plaintiff's conduct in prosecuting this matter does not rise to the level of bad faith that would justify an exception to the American Rule as expressed in *Alyeska.* Accordingly, defendant's motion for an award of attorney's fees shall be denied.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day ADJUDGED AND ORDERED as follows:

1. Plaintiff's motion for judgment notwithstanding the verdict shall be, and it hereby is, denied.

2. Pursuant to Rule 54(d), Federal Rules of Civil Procedure, defendant's Stuckey's motion for an award of costs in this action shall be, and it hereby is, granted. Defendant shall file a Bill of Costs within twenty (20) days of the entry of this order. Plaintiff shall respond, if desired, within fifteen (15) days of the filing of the Bill of Costs. Defendant shall reply, if desired, within five days.

3. Defendant Stuckey's motion for an award of attorney's fees shall be, and it hereby is, denied.

4. This case shall be, and it hereby is, dismissed and stricken from the docket of this court.