**Warren G. HEROLD, Plaintiff,**

v.

**HAJOCA CORPORATION, Defendant.**

**Civ. A. 83–0128–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 18, 1988.

Edward B. Lowry, Michie Hamlett, Donato & Lowry, Charlottesville, Va., for plaintiff.

Matthew B. Murray, Richmond and Fishburne, Charlottesville, Va., Walter H. Flamm, Jr., Jeffrey A. Smith, Clark, Lad- ner, Fortenbaugh & Young, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court upon plaintiff's motion for equitable relief and attorneys' fees. Plaintiff's age discrimination claim was tried to a jury on January 6 and 7, 1987. The jury returned a verdict against the defendant Hajoca Corporation awarding plaintiff $40,642.66 in actual damages and an equal amount as liquidated damages based on the jury's finding that the defendant willfully violated the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 626(b). The parties agreed that the remaining claims for relief, including attorneys' fees and costs, would be decided by the court at a later date. The court postponed entering judgment on the jury verdict pending resolution of the present motion and a motion by the defendant for judgment notwithstanding the verdict.

On May 1, 1987, the court heard argument on defendant's motion for judgment notwithstanding the verdict. The court denied the motion and entered an order to that effect on June 12, 1987. On June 25, 1987, the Court of Appeals for the Fourth Circuit issued its opinion in *Gilliam v. Armtex, Inc.*, 820 F.2d 1387 (4th Cir.1987), which discusses the showing a plaintiff must make to receive an award of liquidated damages under the ADEA. Before addressing the plaintiff's motion, therefore, the court believes it should reexamine its ruling on the defendant's motion for judgment notwithstanding the verdict in light of the Fourth Circuit's conclusions in *Gilliam*.

*Defendant's Motion For Judgment Notwithstanding the Verdict*

■ In *Gilliam*, a jury had returned verdicts for both compensatory and liquidated damages against the employer. The district court judge granted the defendant's motion for judgment notwithstanding the verdict as to the liquidated damages, but denied the motion as to the compensatory

damages. On appeal, the Court of Appeals for the Fourth Circuit affirmed the ruling of the district court. The appeals court began its analysis by noting that in providing for liquidated damages for willful violations of the ADEA, Congress had neglected to define the term "willful."

> The omission has led to contentions, such as that advanced substantially by the plaintiff here, that a finding of willfulness is appropriate if the employer knows that there is such a thing as the ADEA protecting older employees and takes an adverse employment action with respect to an older employee because of his age. This is not enough to support the willfulness finding, however.

820 F.2d at 1390. The court went on to conclude that evidence that an employer was aware of the ADEA and failed to seek advice about compliance with its terms does not constitute a sufficient basis for a finding that the employer willfully violated the statute. In the present case, Vernon Garber, who was manager at the Staunton branch where the plaintiff worked, testified that he was aware of the existence of the ADEA and that the statute prohibited discrimination against workers on account of age. He further testified that he never sought or received any advice from his home office as to how to conduct layoffs without violating the statute. Under *Gilliam,* this evidence is insufficient to justify a finding that the defendant willfully violated the ADEA. As the court of appeals stated, "[T]here must be something more than a retrospective finding by a jury that there was a simple violation of the statute." 820 F.2d at 1390.

Accordingly, the court will vacate its previous order and grant defendant's motion for judgment notwithstanding the verdict as to the judgment for liquidated damages. The court will deny the motion as to the judgment for compensatory damages for the reasons stated at the hearing on May 1, 1987.

### Plaintiff's Motion for Equitable Relief and Attorneys' Fees

The parties have stipulated to the facts necessary for the court's disposition of the motion, and have waived oral argument. For the reasons set forth below, the court will grant plaintiff's motion for equitable relief and award $47,382.25 in attorneys' fees and $1,042.42 in costs.

#### 1. Equitable Relief

In addition to the damages awarded by the jury, the plaintiff seeks equitable relief in the form of lost pension benefits. Based on the record adduced at trial, the court concludes that such relief is appropriate. The parties have stipulated that had the plaintiff voluntarily retired on January 7, 1987, the date the verdict was returned, his monthly pension benefit would have been $154.99. Accordingly, the court will order that the plaintiff's monthly pension benefit be increased to $154.99, retroactive to January 7, 1987.

#### 2. Attorneys' Fees

The Age Discrimination in Employment Act (ADEA), at 29 U.S.C. § 626(b), incorporates by reference the attorneys' fees and costs provisions of the Fair Labor Standards Act, 29 U.S.C. § 216. In applying these provisions, courts have generally used the analysis used for other civil rights statutes. *See Smith v. Univ. of North Carolina,* 632 F.2d 316, 350 (4th Cir.1980); *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1115 (4th Cir.1981) (citing *Walston v. School Bd. of Suffolk,* 566 F.2d 1201, 1204–05 (4th Cir.1977) and approving use of criteria therein for fixing fees in an ADEA case). This analysis, based on factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), has been refined as a result of the Supreme Court's decision in *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In *Daly v. Hill,* 790 F.2d 1071, 1078 (4th Cir.1986), the Court of Appeals for the Fourth Circuit stated:

> Consequently, *Blum* has shifted the timing of the *Johnson* analysis, as it has been applied in this circuit. The proper point at which the *Johnson* factors are to be considered is in determining the reasonable rate and the reasonable hours. A fee based upon reasonable rates and

hours is presumed to be fully compensatory without producing a windfall. In "exceptional circumstances," this presumptively fair lodestar figure may be adjusted to account for results obtained and the quality of representation. (Footnote omitted.)

Following *Daly*, this court will use the *Johnson* factors to determine whether the fee claimed by plaintiff's attorneys is based on reasonable rates and reasonable hours.

Attorneys for plaintiff seek compensation for hours and rates as follows:

| Attorney | Hours | Rate | Fee |
|---|---|---|---|
| Edward B. Lowry | 143.9 | $110.00 | $15,829.00 |
| Elizabeth P. Coughter | 119.5 | 75.00 | 8,962.50 |
| Robert W. Jackson | 314.4 | 70.00 | 22,008.00 |
| Subtotal | | | $46,799.50 |
| Paralegals | 46.2 | $ 35.00 | $ 1,617.00 |
| Law Clerks | 78.4 | 35.00 | 2,744.00 |
| Total | | | $51,160.50 |

Plaintiff's attorneys have submitted detailed summaries of their time records, as well as an affidavit from a member of the local bar attesting that the rates requested are reasonable and customary rates for local attorneys of like experience, skill, and reputation. The court will consider each of the *Johnson* factors in light of these materials and the record of the case.

■ As to the time and labor required (factor 1), counsel for plaintiff unquestionably devoted a great deal of both to the case. Some of this time and labor, however, was consumed developing and presenting a disparate impact theory of discrimination, which plaintiff withdrew at a hearing on November 25, 1985. At the court's request, plaintiff's attorneys submitted a memorandum detailing the hours devoted to the disparate impact theory:

| Attorney | Hours | Rate | Fee |
|---|---|---|---|
| Edward B. Lowry | 21.4 | $110.00 | $ 2,354.00 |
| Elizabeth P. Coughter | 43.0 | 75.00 | 3,225.00 |
| Robert W. Jackson | 16.9 | 70.00 | 1,183.00 |
| Paralegal | 22.7 | 35.00 | 794.50 |
| Total | | | $ 7,556.50 |

Because this work was not required for the plaintiff's ultimate victory on a disparate treatment theory, the court would ordinarily disallow the fees claimed. Here, however, a substantial portion of the fees resulted from preparing and arguing a mo-

tion to compel discovery which the court granted. The court therefore will allow one half of the fees claimed for work on the disparate impact claim.

With regard to the second and third *Johnson* factors, the court finds that the questions presented by the case were not novel, but that the case certainly posed difficulties from an evidentiary standpoint and required a high degree of skill to win. Certainly, the skills of Mr. Lowry, an experienced trial attorney, were not wasted on the case.

The amount of time devoted to this case over a four-year period necessarily precluded acceptance of some other cases at the going rate (factor 4). In addition, the attorneys represented plaintiff for this matter only; they do not represent him generally. These two factors weigh in favor of fixing the fee at the attorneys' normal hourly rate. The parties have stipulated that the rates requested are the customary hourly rates for plaintiff's attorneys (factor 5). The affidavit of a local attorney indicates that the rates are reasonable for this area.

■ Plaintiff's attorneys undertook representation upon a contingent fee agreement (factor 6). Because they would have received no fee at all had plaintiff lost, they seek an upward adjustment of the overall award. Since the award based on the requested hours and rates exceeds the amount counsel could have received under the normal contingent fee arrangement, however, the court will decline to adjust the fee award upward. Counsel obtained the best results possible in the case, and the amount involved was certainly not insubstantial (factor 8). Nevertheless, the court finds that a fee computed on the basis of the hours and rates requested will be fully compensatory.

As to the remaining *Johnson* factors, the experience, reputation, and ability of the attorneys (factor 9) is reflected in their hourly rates. The parties agree that no time limitations were imposed by the client or the circumstances (factor 7) and that the case was not of an undesirable nature

(factor 10). An award based on the hours and rates requested by counsel, minus one half the hours spent on the disparate impact claim, is in keeping with awards made in similar cases in this court (factor 12).

Weighing all of these factors, the court finds that the rates requested by plaintiff's attorneys are reasonable. The court will award the following fees based upon the reasonable rates requested and approved by the court and reasonable hours as calculated by the court:

| Attorney | Hours | Rate | Fee |
|---|---|---|---|
| Edward B. Lowry | 133.2 | $110.00 | $14,652.00 |
| Elizabeth P. Coughter | 93.5 | 75.00 | 7,350.00 |
| Robert W. Jackson | 305.95 | 70.00 | 21,416.50 |
| Subtotal | | | $43,418.50 |
| Paralegals | 34.85 | $ 35.00 | $ 1,219.75 |
| Law Clerks | 78.4 | 35.00 | 2,744.00 |
| Total | | | $47,382.25 |

■ In making this determination, the court notes that in the Fourth Circuit, fees for paralegal and law clerk assistance are recoverable as part of an overall award of attorneys' fees and costs. *Payne v. Travenol Laboratories, Inc.*, 74 F.R.D. 19, 23 (N.D.Miss.1976), cited in *Wheeler v. Durham City Bd. of Educ.*, 585 F.2d 618, 624 (4th Cir.1978). Having determined the lodestar figure, the court finds no exceptional circumstances which would justify adjusting this figure and concludes that an award of $47,382.25 is fully compensatory without producing a windfall.

*Costs and Expenses*

■ Plaintiff's attorneys have requested $1,042.42 in costs and expenses, consisting of the filing fee, witness fees, mileage for attorneys, and fees for deposition transcripts and a trial transcript. The filing fee and witness fees are taxable as a matter of course in all actions in federal court under 28 U.S.C. § 1920. The fee for the trial transcript would likewise be routinely taxed as costs § 1920, since the transcript was necessarily obtained to argue against the defendant's motion for judgment notwithstanding the verdict and motion for new trial. The court therefore will award all of these costs.

■ In civil rights cases, taxable costs are not limited to those listed in § 1920. In *Wheeler v. Durham City Bd. of Educ.*, 585 F.2d 618 (4th Cir.1978), the Court of Appeals for the Fourth Circuit held that the statutory authorization of reasonable attorney's fees in civil rights cases includes litigation expenses. Attorneys' fees awards under the ADEA are specifically limited to prevailing plaintiffs. 29 U.S.C. § 216(b). A prevailing defendant may recover only those costs set forth in 28 U.S.C. § 1920. *Hackett v. Stuckey's Inc.*, 670 F.Supp. 172 (W.D.Va.1987).

■ In addition to the costs provided for in § 1920, plaintiff here has claimed attorneys' mileage and fees for deposition transcripts. The cost of necessary travel is an expense specifically mentioned in *Wheeler*, 585 F.2d at 623. As for the depositions, the court finds that they were reasonably taken in preparation for trial; indeed, portions of the depositions were actually used at trial. The costs of the depositions are certainly recoverable as litigation expenses. *See Marcoin, Inc. v. Williams*, 88 F.R.D. 588, 592 (E.D.Va.1980).

Defendant argues that the Supreme Court's recent decision in *Crawford Fitting Co. v. J. T. Gibbons*, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) forbids taxing costs which are not listed in 28 U.S.C. § 1920. The court disagrees. *Crawford* is specifically limited to the question of reimbursement for fees paid to expert witnesses. The Court of Appeals for the Fourth Circuit previously addressed this question in *Wheeler*, concluding that such fees were not recoverable. 585 F.2d at 624. Thus, the rule announced in *Crawford* is not a new one in the Fourth Circuit.

For the foregoing reasons, the court will award the full $1,042.42 in costs, along with $47,382.25 in attorneys' fees. An appropriate order shall this day issue.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

ADJUDGED AND ORDERED

as follows:

1. The Order of this court entered June 12, 1987, shall be, and it hereby is, vacated.

2. Defendant's motion for judgment notwithstanding the verdict shall be, and it hereby is, granted as to the verdict for liquidated damages.

3. Defendant's motion for judgment notwithstanding the verdict shall be, and it hereby is, denied as to the verdict for compensatory damages.

4. Judgment shall be, and it hereby is, entered in favor of plaintiff in the amount of $40,642.66.

5. The defendant shall be, and it hereby is, ordered to increase plaintiff's monthly pension benefit to $154.99, retroactive to January 7, 1987.

6. Plaintiff's counsel shall be, and they hereby are, awarded $47,382.25 in attorneys' fees.

7. Plaintiff shall be, and he hereby is, awarded $1,042.42 as costs, to be taxed according to the bill of costs filed by plaintiff on October 13, 1987.

8. This action shall be, and it hereby is, dismissed and stricken from the docket of this court.