Larry L. KUEPFERLE, Plaintiff,

v.

JOHNSON CONTROLS, INC., Defendant.

Civ. No. C–85–1088–G.

United States District Court, M.D. North Carolina, Greensboro Division.

April 15, 1988.

James W. Miles, Jr., Greensboro, N.C., for plaintiff.

B. Douglas Martin, David M. Clark, Greensboro, N.C., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Larry L. Kuepferle brought this action against his former employer, Johnson Controls, Inc., alleging that he was discharged on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA"). On December 11, 1987, the jury returned a verdict in Kuepferle's favor, finding that his discharge violated the ADEA and also that Johnson Controls committed such violation willfully. The jury awarded Kuepferle $27,000.00 in actual damages (including back pay) and their finding of willfulness invoked the statutory provision allowing an equal amount as liquidated damages, 29 U.S.C. § 626(b).

Defendant's motion for a directed verdict was denied at trial and Johnson Controls now moves, pursuant to Federal Rule of Civil Procedure 50(b), for a judgment notwithstanding the verdict or, in the alternative, for a new trial. For the reasons expressed below, the motion will be granted in part and denied in part.

The jury verdict should be sustained if the evidence is such that a jury could reasonably have found for the Plaintiff. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2524, pp. 542–43 (1971). In making this determination the court must not weigh the evidence or assess credibility; in short, it should not substitute its judgment of the facts for that of the jury. *Taylor v. Home Ins. Co.*, 777 F.2d 849, 854 (4th Cir.1985), *cert. denied*, 476 U.S. 1142, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986) (citing *Abasiekong v. City of Shelby*, 744 F.2d 1055, 1059 [4th Cir.1984]). However, the court may consider weight and credibility in considering a motion for a new trial and may grant a new trial if the verdict is against the weight of the evidence. *Id.* at 855 (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2806, pp. 43–45 [1973]).

Applying these standards, the court is unable to conclude that the jury could not reasonably have found that Kuepferle's age was a "but for" cause of his discharge. *See Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 242 (4th Cir.1982). Nor is the evidence supporting the jury's finding clearly outweighed by evidence to the contrary. Accordingly, Defendant's motion as to the issue of liability is denied and judgment shall be entered on that portion of the verdict.

On the other hand, the court cannot uphold the jury's finding that Johnson Controls willfully violated the ADEA. "[A] violation is 'willful' if 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985) (quoting opinion of circuit court below, 713 F.2d 940, 956). Kuepferle did not produce any evidence showing that the decision to discharge him was made in reckless dis-

regard of the ADEA. Rather, the evidence showed that before making the decision to terminate Kuepferle, Tom Orians, the manager of Johnson Controls' Greensboro branch, contacted Johnson Controls' corporate headquarters in Milwaukee, Wisconsin, and spoke with Sandra O'Connell. O'Connell told Orians that she believed discharging Kuepferle would be permissible under the ADEA. This court has previously granted a judgment notwithstanding the verdict on the willfulness issue in *Gilliam v. Armtex*, No. C–84–174–WS, slip op. (M.D.N.C. Aug. 1, 1985) (Bullock, J.), *aff'd*, 820 F.2d 1387 (4th Cir.1987), a case in which the evidence did not indicate any attempt to address the implications or requirements of the ADEA. In contrast, the fact that Orians attempted to ascertain the legality of his proposed action tends to rebut any inference of reckless disregard. Since no evidence to the contrary was introduced, the jury could not reasonably have found for Kuepferle on the issue of willfulness.

█ In addition to the jury award, it remains for the court to fashion any other appropriate relief. 29 U.S.C. § 626(b). Reinstatement is the preferred form of equitable relief because it most closely restores the injured plaintiff to the position in which he would have been were it not for the discriminatory act. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 965 (4th Cir.1985); *Coston v. Plitt Theatres, Inc.*, 831 F.2d 1321, 1330 (7th Cir.1987); *see also Cline v. Roadway Express, Inc.*, 689 F.2d 481, 489 (4th Cir.1982). The court does not find substantial animosity between the parties, which might make reinstatement inappropriate, *see Bruno v. Western Electric Co.*, 829 F.2d 957, 966 (10th Cir.1987); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2d Cir.1984), but does recognize that because of the reduction in force Johnson Controls may not have a satisfactory position available at this time. Therefore the court follows the lead of the Western District of North Carolina, as affirmed by the Fourth Circuit in *Taylor v. Home Ins. Co.*, 777 F.2d at 860, and orders Johnson Controls to offer Kuepferle the next available comparable position. In the meantime, Johnson Controls is to pay Kuepferle the difference between what he would be making at Johnson Controls were it not for his wrongful discharge, and what he is making in his present position with the Buffalo Presbyterian Church, a difference of about $10,000.00 per year, plus the value of any additional benefits granted to Johnson Control employees. Kuepferle's right to receive the front pay and the benefits shall terminate upon his rejection of Johnson Control's offer of a comparable position.

An order and judgment consistent with this opinion shall be entered contemporaneously herewith.

### ORDER AND JUDGMENT

This civil action came on for trial before the court and a jury during the week of December 7, 1987, and the issues having been duly tried and answered by the jury as follows:

1. Did the Defendant discharge the Plaintiff in violation of the Age Discrimination in Employment Act?

<u>Yes</u>
(Yes or No)

(If "Yes," go to Issue # 2; if "No," stop here and do not go to any other issues.)

2. What amount of damages, if any, is the Plaintiff entitled to receive as actual damages?

$<u>  27,000  </u>
(Amount)

(If you answer this issue, go to Issue # 3.)

3. Was the Defendant's discharge of the Plaintiff a willful violation of the Age Discrimination in Employment Act?

<u>Yes</u>
(Yes or No)

For the reasons expressed in the memorandum opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED that Defendant's motion for a judgment notwithstand-

ing the jury's verdict finding the Defendant liable in the amount of $27,000.00 for a violation of the Age Discrimination in Employment Act is DENIED;

IT IS FURTHER ORDERED that Defendant's motion for new trial as to that jury verdict is DENIED; and

IT IS HEREBY ORDERED AND ADJUDGED that Defendant's motion for a judgment notwithstanding the jury's verdict that such violation was willful is GRANTED and that portion of the jury's verdict is SET ASIDE.

IT IS FURTHER ORDERED that Defendant shall offer to Plaintiff the next available position comparable to that from which he was discharged, at the Defendant's Greensboro branch, and that Defendant shall extend to Plaintiff front pay and benefits as described in the Memorandum Opinion filed contemporaneously herewith until such time as the Plaintiff accepts or rejects Defendant's offer of employment.